**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

GRANT FEISS,

    Plaintiff,

v.                                                  Case No: 5:18-cv-565-Oc-30PRL

KLEIN & KLEIN, LLC,

    Defendant.
_____

## ORDER

Grant Feiss received a debt collection letter from Klein & Klein, LLC ("Klein") related to allegedly unpaid property owner assessments. Feiss is now suing, alleging the letter violates the Fair Debt Collection Practices Act ("FDCPA") because it does not include all the disclosures required by 15 U.S.C. § 1692g(a). Klein argues the letter contains all the required disclosures and moves the Court to dismiss the lawsuit. Because the Court concludes parts of Klein's letter could be misleading to the least sophisticated consumer, Klein's motion will be granted in part and denied in part.

## FACTS

On April 19, 2018, Klein sent a letter to Feiss in an attempt to collect a debt. The letter included the following notice:

> **Fair Debt Collection Practices Notice:** This is an attempt to collect a debt, and any information obtained will be used for that purpose. Unless you notify this office within 30 days thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Feiss claims this notice violates the FDCPA because it does not containethe disclosures required by § 1692g(a)(3)–(4).

Based on this claim, Feiss sued Klein in the Ocala Division of the Middle District of Florida. Klein has now moved to dismiss.

## **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations as true and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## **DISCUSSION**

The parties dispute whether the notice in Klein's letter violates the FDCPA by omitting information required by 15 U.S.C. § 1692(g)(a)(3)–(4).[1] Section 1692g(a) requires debt collectors to provide certain information within five days of its initial communication to a consumer.[2] "The absence of one or more of the statutory requirements [under § 1692g(a)] is actionable … if the variance is one that would tend to mislead the least sophisticated consumer." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014) (citing *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir. 1985)). "The least sophisticated consumer 'possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'" *Leonard v. Zwicker & Assocs., P.C.*, 713 F. App'x 879, 882 (11th Cir. 2017) (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94 (11th Cir. 2010)); *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (explaining the purpose of the least sophisticated consumer standard is "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.")

---

[1] Klein also argues the case was brought in the wrong venue and should be transferred to the Ocala Division of the Middle District of Florida. Klein is mistaken. Feiss filed this case in the Ocala Division and it is currently proceeding in the Ocala Division despite the presiding judge being physically located in Tampa. So the Court rejects this argument without further discussion.

[2] Although not raised in the Klein's Motion, the Court notes that the Amended Complaint does not allege that the letter at issue was an initial communication that required the § 1692g(a) notice. In fact, the Amended Complaint alleges that Klein began debt collection efforts on a date wholly unknown to Feiss. (Doc. 4, ¶ 15). Feiss should consider whether the allegations in the Amended Complaint are sufficient to state a claim for a violation of § 1692g(a).

Under this standard, there is no requirement that a debt collector quote § 1692g(a) verbatim if the least sophisticated consumer would not be misled. "Generally, the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury. However, the question of whether a plaintiff has alleged sufficient facts to state a claim under § 1692g is a legal question for the court." *Id.* (citing *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1307 (11th Cir. 2015)).

Here, Feiss alleges Klein's letter violated two provisions of § 1692g(a) in three ways. For ease, the Court has placed the § 1692g(a) section beside the language at issue in Klein's letter, and emphasized the portion that Feiss claims is missing or deficient:

|  | **Notice Required by FDCPA § 1692g(a)** | **Debt Collection Language Used by Klein** |
|---|---|---|
| Alleged Violation 1 | § 1692g(a)(3): "a statement that unless the consumer, within thirty days after receipt of the notice, **disputes the validity of the debt, or any portion thereof,** the debt will be assumed to be valid by the debt collector" | "Unless you notify this office within 30 days thereof, this office will assume this debt is valid." |
| Alleged Violation 2 | § 1692g(a)(3): "a statement that unless the consumer, within thirty days **after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector" | "Unless you notify this office within 30 days **thereof**, this office will assume this debt is valid." |
| Alleged Violation 3 | § 1692g(a)(4): "a statement that if the consumer notifies the debt collector in writing within the thirty-day period **that the debt, or any portion thereof, is disputed**, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector | "If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." |

(Docs. 4, 12). The Court will explain below why Feiss fails to state a claim on the first and third alleged violations, and then will explain why Feiss has stated a claim for the second alleged violation.

**A. First and Third Alleged Violations Fail to State a Claim**

In the first and third alleged violations, Feiss argues the notice is deficient because it does not include the word "dispute." According to Feiss, Klein's notice fails to notify the least sophisticated consumer that the debt must be disputed for the applicable rights to apply. Klein, though, argues the notice conveys all the necessary information to even the least sophisticated consumer. The Court agrees with Klein.

Implicit in the notice's language is that Feiss should contact Klein if he disputes the debt. *See Caceres*, 755 F.3d at 1304 (explaining that a notice was not misleading when the same implication arises from the actual language used compared to the language in § 1692g(a)). First, the implication in § 1692g(a)(3) for Feiss's first alleged violation is that the debt collector can presume a debt to be valid unless a debtor disputes the validity of the debt. Klein's notice provides that same implication when it states, "Unless you notify this office within 30 days thereof, this office will assume this debt is valid." Under that language, the only reason for Feiss to contact Klein would be if he did not want Klein to assume the debt is valid, which is another way of saying he disputes the debt's validity.

The same is true of the third alleged violation. The implication from § 1692g(a)(4) is that the debt collector will obtain verification of the debt or copy of the judgment if the debtor disputes the debt in writing. Klein's notice has the same implication when it states, "If you notify this office in writing within 30 days after receiving this notice, this office

5

will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." Under that language, the only reason Feiss would request verification of the debt is if he disputes the debt's validity.

Although the Eleventh Circuit has not directly addressed this issue, the Court's ruling is informed by the Seventh Circuit's decision in *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271 (7th Cir. 2014). In *Gruber*, the Seventh Circuit considered language nearly identical to that used by Klein. As the *Gruber* court explained:

> Plaintiffs' core argument is that because the second sentence of the defendants' letters omits the phrase "that the debt, or any portion thereof, is disputed," it creates the risk that an unsophisticated consumer who may wish to exercise his rights would fail to properly do so. … The problem for the plaintiffs is that "the consumer can, without giving a reason, require that the debt collector verify the existence of the debt before making further efforts to collect it." In other words, a request to verify the existence of a debt constitutes a "dispute" under the Act. This makes sense because unsophisticated consumers cannot be expected to assert their rights in legally precise phrases. So even if there is a *literal* distinction between requesting verification of a debt and disputing a debt, we treat a request for verification as a dispute within the meaning of the Act.
>
> Thus, if a consumer wrote and sought verification, he would be disputing the debt for the purposes of the Act, and would be entitled to all of the same protections afforded under the Act as if he had written to dispute the debt. Unsurprisingly, plaintiffs fail to cite a single case supporting their reading of § 1692g(a)(4)—that requesting verification of a debt is not a dispute of the debt. Moreover, all four judges below interpreted the second sentence to mean "if you object to our allegation that you owe this debt, we'll send you proof that you owe it." This interpretation is the most natural one and one an unsophisticated consumer would take. Accordingly, we conclude that as a matter of law, defendants' notices comply with § 1692g(a)(4).

*Id.* at 274 (internal citations omitted); *see also Shand-Pistilli v. Prof'l Account Servs., Inc.*, No. 10-CV-1808, 2010 WL 2978029, at *6 (E.D. Pa. July 26, 2010) (concluding similar language also "clearly communicates plaintiff's rights as required by section 1692g.").

Similar to the Seventh Circuit in *Gruber* and the Eleventh Circuit in *Caceres*, this Court concludes the language used by Klein in relation to the alleged first and third violations would not mislead the least sophisticated consumer. Klein's notice properly advised Feiss it would assume that the debt was valid unless Feiss contacted Klein, and that Feiss could request verification of the debt in writing within 30 days, which is equivalent to disputing the debt. So the Court will grant Klein's Motion on the first and third alleged violations raised in the Amended Complaint.[3]

**B. Second Alleged Violation States a Claim**

While Klein notified Feiss of his right to dispute the debt and that Klein would assume the debt valid if Feiss did not do so, the Court concludes Feiss's Amended Complaint states a claim nonetheless. In the second alleged violation, Feiss complains that Klein failed to notify Feiss of the time frame in which he could dispute the debt before Klein could assume the debt was valid. Specifically, Klein's notice stated, "Unless you notify this office within 30 days **thereof**, this office will assume this debt is valid."

The Court agrees with Feiss. A jury may conclude the "thereof" is too ambiguous to provide notice to the least sophisticated consumer about when the 30 days begins. Because of this, the Court concludes Feiss has pleaded a claim.

Accordingly, it is ORDERED AND ADJUDGED that:

---

[3] The Court does not reach Klein's second argument that the exclusion of the precise language of § 1692g(a)(3)–(4) is not a violation because its notice "actually requires less action by Plaintiff to assert his rights under the FDCPA." (Doc. 9, ¶ 14).

1. Defendant Klein & Klein, LLC's Motion to Dismiss with Prejudice (Doc. 9) is GRANTED IN PART AND DENIED IN PART as follows:

    a. Plaintiff's claims in the Amended Complaint that Defendant's notice violated § 1692g(a)(3)–(4) by failing to notify him there had to be a "dispute" about the debt are DISMISSED WITH PREJUDICE.

    b. Plaintiff's claims in the Amended Complaint that Defendant's notice violated § 1692g(a)(3) by failing to notify him that Defendant could assume the debt valid unless Plaintiff disputed the debt within 30 days "after receipt of the notice" are not dismissed.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of January, 2019.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record