**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

GRANT FEISS, individually and on behalf of a
class of others similarly situated,

    Plaintiff,                                **CASE NO.: 18-565**

vs.

KLEIN & KLEIN, LLC,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, KLEIN & KLEIN, LLC, by counsel and pursuant to Rule 12(a)(4)(A) of the *Federal Rules of Civil Procedure,* hereby answers Plaintiff GRANT FEISS' First Amended Class Action Complaint Seeking Injunctive Relief and Statutory Damages (the "Amended Complaint"), as follows:

1. Defendant admits paragraphs 5 through 7 of the Amended Complaint for jurisdictional purposes only.

2. Defendant states that the case law and statutes discussed in paragraphs 1 through 2, 4, 34 through 35, and 37 through 39 of the Amended Complaint, speak for themselves, and as a result, no response is required.

3. Defendant admits that Plaintiff is a natural person residing in Marion County, Florida.

4. Defendant admits that it is a Florida corporation with a principal place of business located in Ocala, Florida.

5. Defendant admits that it engages in interstate commerce by regularly using telephone and mail to collect debts.

6. Defendant admits that the debt at issue is a financial obligation Plaintiff incurred primarily for person, family, or household purposes.

7. Defendant admits that as a law firm it attempted to collect the debt at issue from Plaintiff.

8. Defendant admits that on or about April 19, 2018, Defendant, as a law firm, sent a letter to Plaintiff relating to the debt at issue.

9. The letter Defendant sent to Plaintiff speaks for itself, and as such, no response related to interpretations or legal conclusions set forth in paragraphs 9, 12, 14, 16 through 19, and 36 through 40 of the Amended Complaint are necessary. To the extent a response is necessary as to the aforementioned paragraphs, Defendant denies same.

10. Defendant is without knowledge as to the class action allegations set forth in paragraphs 21 through 32 of the Amended Complaint, and therefore denies same.

11. Defendant denies each and every allegation contained within the Amended Complaint not specifically admitted herein and demands strict proof thereof.

12. Defendant reserves the right to amend Defendant's Answer and Affirmative Defenses pursuant to the applicable *Federal Rules of Civil Procedure*.

13. Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint's claim fails to state facts sufficient to constitute a cause of action upon which relief may be granted as it relates to Plaintiff's claim that Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to notify Plaintiff in the validation notice that Defendant could assume the debt is valid unless Plaintiff disputed the debt within 30 days "after receipt of the notice," as (1) there is no requirement to directly quote 15 U.S.C. 1692g(a)(3) verbatim if the least sophisticated consumer would not be mislead, and (2) Plaintiff's claim fails to incorporate allegations that Defendant is a debt collector.

### Second Affirmative Defense

The Amended Complaint is barred, in whole or in part, by the doctrine of waiver, as Plaintiff has voluntarily and intentionally relinquished any right to claim that he was mislead or confused about the language in the validation notice, and thus his rights, having retained counsel and responded to the validation notice within thirty (30) days of receipt of same.

### Third Affirmative Defense

Plaintiff is barred from obtaining equitable relief, as no such relief was properly requested within the Amended Complaint despite the pleading's title including that phrase.

### Fourth Affirmative Defense

This suit may not be properly maintained as a class action because (1) Plaintiff cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Amended Complaint; (3) common issues of fact or law do not predominate; to the contrary,

individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) the named Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment and indeed has made no attempt to do so to date; (8) there is not a well-defined community of interests in the question of law or fact affecting Plaintiff and the members of the alleged putative class; and (9) the alleged putative class is not ascertainable nor are its members identifiable.

### Fifth Affirmative Defense

This suit may not be properly maintained as a class action, because Plaintiff has wholly failed to make a timely written motion to request such relief with the Court.

### Sixth Amended Complaint

Plaintiff's claims are barred, in whole or in part by Plaintiff's acceptance of settlement of any and all claims against Defendant, prior to the filing of this lawsuit.

### Seventh Affirmative Defense

Plaintiff's claims fail, because neither Plaintiff nor a least sophisticated consumer would be confused or mislead by the "thereof" language in the validation notice.

### Eighth Affirmative Defense

Plaintiff failed to mitigate his damages, if any, in this case, as Plaintiff, upon discovery of any alleged action or inaction by Defendant in this case, did not undertake any affirmative action to limit or reduce the extent of his alleged damages, if any, in this case.

### Ninth Affirmative Defense

Plaintiff's claims are barred because Defendant has at all times complied with all provisions of the Fair Debt and Collection Practices Act.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands, as this action was filed in retribution for one of Defendant's attorneys' expert testimony at a trial involving the debt at issue, expert testimony for which was found credible and resulted in an unfavorable ruling to Plaintiff, and Plaintiff's subsequent agreement to settle any and all claims relating to the debt and Defendant prior to the filing of this lawsuit.

### Eleventh Affirmative Defense

Plaintiff is barred from claiming that Defendant violated 15 U.S.C. § 1692(a)(4) by failing to notify Plaintiff in the validation notice that there had to be a "dispute" about the debt, as any such claims were dismissed *with prejudice*.

### Twelfth Affirmative Defense

Plaintiff is barred from claiming that Defendant violated 15 U.S.C. § 1692(a)(3) by failing to notify Plaintiff in the validation notice that there had to be a "dispute" about the debt, as any such claims were dismissed *with prejudice*.

Dated this 12th day of February, 2019.

>   */s/ Kirsten D. Blum*
>   CHARLES J. MELTZ, ESQUIRE
>   Florida Bar No. 0985491
>   KIRSTEN D. BLUM, ESQUIRE
>   Florida Bar No. 0085736
>   GROWER, KETCHAM, EIDE, TELAN & MELTZ, P.A.
>   PO Box 538065
>   Orlando, FL  32853-8065

Phone: (407) 423-9545  
Fax:    (407) 425-7104  
cjmeltz@growerketcham.com  
kdblum@growerketcham.com  
enotice@growerketcham.com  
jclinton@growerketcham.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 12th day of February, 2019, a true and correct copy of the foregoing has been electronically filed with the Court, which will send notice of electronic filing to the following: **Jabrael S. Hindi, Esquire** at jibrael@jibraellaw.com.

*/s/ Kirsten D. Blum*  
KIRSTEN D. BLUM, ESQUIRE

13519:196